# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ALONZO PERKINS,<br><br>              Petitioner,<br>vs.<br><br>JOHN OLIVER, Warden,<br><br>              Respondent. | No. 2:13-cv-00143-WTL-WGH |

**Entry and Order Dismissing Action**

**I.**

Alonzo Perkins is serving the sentence imposed following his conviction for possession of a firearm by a felon and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1) and 922(k), respectively, enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)("ACCA"). His conviction and sentence were affirmed on appeal in *United States v. Perkins,* 449 F.3d 794 (7th Cir. 2006). His effort to obtain relief pursuant to 28 U.S.C. § 2255 was unsuccessful. *See U.S. v. Perkins,* 2009 WL 1940763 (N.D.Ill. Jul. 6, 2009), *aff'd. Perkins v. U.S.,* 369 Fed.Appx. 736 (7th Cir. 2010).

Perkins now challenges his conviction and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He may do so only when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that *could not* have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Id.* (emphasis added) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002)).

Pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*, a habeas petition shall undergo preliminary review. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those *Rules* gives this court the authority to apply the rules to other habeas corpus cases. It does so in this instance.

Perkins' Second Amendment challenge to the constitutionality of § 924(g) has been authoritatively rejected. *See Lewis v. United States,* 445 U.S. 55, 65 n.8 (1980) (approvingly citing case holding that § 922(g) does not violate Second Amendment and noting that these legislative restrictions do not "trench upon any constitutionally protected liberties"). "All of the circuits to face the issue post [*District of Columbia v.*] *Heller*[, 554 U.S. 570 (2008),] have rejected blanket challenges to felon in possession laws." *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011) (citing cases, including *United States v. Williams,* 616 F.3d 685, 691–94 (7th Cir.), *cert. denied,* 131 S. Ct. 805 (2010)). The same is true of his challenge based on the Commerce Clause. *United States v. Wells,* 98 F.3d 808, 810-11 (4th Cir. 1996). Accordingly, he has failed to show that the remedy via 28 U.S.C. § 2255 was inadequate or ineffective to protect his rights and that he is innocent of the offenses he challenges. *Kramer v. Olson,* 347 F.3d 214, 218 (7th Cir. 2003)(actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)"); *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)("A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so

fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."). He thus cannot use the savings clause of 28 U.S.C. § 2255(e) to seek or obtain habeas relief pursuant to § 2241.

Perkins also complains of the ACCA enhancement. "The ACCA provides that anyone who has 'three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another' is an armed career criminal and subject to a fifteen-year mandatory minimum sentence." *Kirkland v. United States,* 687 F.3d 878, 883 (7th Cir. 2012) (quoting 18 U.S.C. § 924(e)(1)). There is nothing in his complaint which could not have been presented in his direct appeal or in his action pursuant to § 28 U.S.C. § 2255. This challenge was fully considered, and rejected, in Perkins' direct appeal. In any event, case law is clear than an ACCA enhancement need not be charged by either indictment or information. *United States v. Hardy,* 52 F.3d 147, 150 (7th Cir. 1995)("Neither § 924(e) nor U.S.S.G. § 4B1.4 require that any notice be given a defendant subject to an increased sentence as an armed career criminal."; rather, "only notice necessary to satisfy constitutional requirements must be given. Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding a sentence increase for recidivism.") (citations omitted).

Perkins has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/24/14

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALONZO PERKINS
Reg. No. 15764-424
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808